UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

MARK E. WOLTERS,                                    Case No. DG 06-03150
                                                    Hon. Scott W. Dales
            Debtor.
_____/

JEFF A. MOYER,

            Plaintiff,                              Adversary Proceeding
                                                    No. 08-80280
v.

GREAT LAKES MORTGAGE AND
INVESTMENT, INC., FLAGSTAR BANK FSB,
EVERHOME MORTGAGE COMPANY, INC.,
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC., and FEDERAL NATIONAL
MORTGAGE ASSOCIATION,

            Defendants.
_____/

## MEMORANDUM OF DECISION REGARDING
## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

PRESENT:   HONORABLE SCOTT W. DALES
           United States Bankruptcy Judge

This matter is before the court on the Plaintiff's Motion for Summary Judgment
(DN the "Motion").  Plaintiff, Chapter 7 Trustee Jeff A. Moyer, filed an adversary
complaint against Defendants, Great Lakes Mortgage and Investment, Inc., Flagstar
Bank FSB, Everhome Mortgage Company, Inc., Mortgage Electronic Registration
Systems, Inc., and Federal National Mortgage Association (the "Defendants").  The
Defendants opposed the Motion and the court heard oral argument in Grand Rapids,
Michigan on May 6, 2009.  At the conclusion of oral argument, the court announced its
intention to postpone ruling on the Motion to permit the parties one final opportunity to

settle the dispute.  The parties have since reported that they have been unable to do so, and the court is prepared to make its ruling.

Under Fed. R. Civ. P. 56, incorporated into this adversary proceeding under Fed. R. Bankr. P. 7056, a party claiming relief may move for summary judgment with or without supporting affidavits and prevail if it appears from the record, pleadings and other evidence on file that there are no genuine issues of any material fact and that the moving party is entitled to judgment as a matter of law.  The court is familiar with the standards governing motions for summary judgment, understanding that the court's task is not to judge credibility or to resolve factual issues, but simply to identify the presence of genuine factual disputes and determine whether the moving party is entitled to judgment as a matter of law.

In the present case, the Trustee contends, without contradiction, that the Defendants' mortgage contained a defective legal description.  More specifically, the legal description in the mortgage clearly identified a vacant parcel next door to the Debtor's residence, but did not describe in any manner the Debtor's residence itself. For convenience, the parties have referred to the Debtor's residence as "Parcel A" and to the vacant lot as "Parcel B" and so shall the court.

Prior to the filing of the Chapter 7 bankruptcy petition of Debtor Mark E. Wolters ("Debtor"), the Defendants or some of them attempted to correct the legal description by filing affidavits and seeking corrective relief from the state circuit court.  Nevertheless, it is undisputed that the Defendants' efforts to correct the legal description failed.  There is no dispute, therefore, that on the petition date, Parcel A was not described in the Defendants' mortgage documents.  In view of this failure to describe Parcel A, Plaintiff commenced an adversary proceeding relying on his strong arm powers under 11 U.S.C. § 544(a).  In general, the Trustee enjoys the rights and powers of, and may avoid any transfer of property of a debtor that is voidable by, a bona fide purchaser of real property who obtains the status of a bona fide purchaser at the time of the commencement of the case whether or not such purchaser exists.  The issue, therefore,

is whether, as a matter of Michigan real property, the Trustee, as a representative of the Debtor's bankruptcy estate, succeeded to the Debtor's interest in Parcel A free and clear of the Defendants' mortgage because the mortgage failed to describe Parcel A.

Judge Gregg in his recent opinion in Moyer v. Edlund (In re Vandenbosch), slip op., Adv. Pro. 05-81523 (Bankr. W.D. Mich. April 30, 2009), had the occasion to consider the rights of a bona fide purchaser under Michigan law in a situation remarkably similar to the one presented in the instant adversary proceeding. In the course of his opinion, which this court finds persuasive, Judge Gregg canvassed Michigan law and observed:

> In Michigan, a properly recorded mortgage provides a bona fide purchaser of real property with constructive notice of the prior interest in the property. However, in this case, it is undisputed that the mortgage granted by the debtors in connection with [the loan] describes the vacant lot adjacent to the property rather than the property itself. Therefore, the recorded mortgage on the wrong property does not provide a bona fide purchaser with constructive notice of the [debtor's] interest in the property and the mortgage, to the extent it may be valid, is avoidable by a trustee under Section 544(a)(3).

Id. at p. 17.

In opposition to the Trustee's Motion, the Defendants assert an equitable lien, and attempt to avoid summary judgment by raising issues regarding the nature of the real estate as property held by the entireties. With respect to the supposed equitable lien, the court finds, as Judge Gregg and others have found, that the recognition of an equitable lien under the circumstances in this case is inconsistent with the Trustee's rights under 11 U.S.C. § 544(a)(3). Equitable liens may be effective against the owner of property, but are not enforceable where, as here, rights of third parties have intervened. Although the court recognizes that state law determines the rights of the

parties to a bankruptcy proceeding with respect to property, see Butner v. United States, 440 U.S. 48 (1979). Butner itself recognizes that the hegemony of state law regarding property rights always remains subject to the supreme federal interest expressed in the United States Bankruptcy Code, to the extent federal interests conflict with state law.

Therefore, although the Defendants may have enjoyed the right to assert an equitable lien against the Debtor as a matter of state real property law, the intervention of bankruptcy, the appointment of the Trustee, the Trustee's enjoyment of the powers of a bona fide purchaser, all combine to defeat the Defendants' argument premised on the existence of an equitable lien. To the extent the Defendants rely on the entireties nature of the property, after interrogation at oral argument, the Trustee's counsel clarified that in fact he was only claiming avoidance with respect to the one-half interest that the Debtor enjoyed as a tenant-in-common with his former spouse, since the former spouse quit claimed the property to the Debtor approximately nine months after the petition date. The question of the entireties nature of the property – which perhaps raises distribution issues under 11 U.S.C. § 726 – does not prevent avoidance of the imperfect lien, although it might have prevented recovery of property under 11 U.S.C. § 550, had such recovery been necessary. As the Sixth Circuit recognized in Suhar v. Burns (In re Burns), 322 F.3d 421 (6th Cir. 2003), the remedies of avoidance and recovery under the Bankruptcy Code are distinct. Here, with respect to avoidance, the Trustee is seeking a declaration that the mortgage, which did not describe Parcel A, does not encumber Parcel A. The Trustee is not seeking to recover any property but simply asking to liberate the estate's one-half interest from the Defendants' defective mortgage.

Finally, at oral argument Defendants expressed concern that granting relief to the Trustee would result in a windfall to the Debtor, who would presumably receive surplus estate funds, because the Defendants failed to timely file a proof of claim, relying instead on their alleged standing as secured creditors. Chapter 7's distribution provisions, specifically 11 U.S.C. § 726(a)(2) or (a)(3), should mitigate the hardship in this regard by permitting the Defendants to file a tardy claim, which claim would be paid

prior to the disposition of any surplus to the Debtor. In any event, the Defendants' failure to file a timely claim does not impair the Trustee's rights as a bona fide purchaser under 11 U.S.C. § 544(a)(3). Therefore, the argument that the avoidance might work a windfall to the Debtor, contrary to the overall statutory scheme of the Bankruptcy Code, is not persuasive.

The court has considered the Defendants' other arguments and finds them to be without merit.

Accordingly, the court will enter a separate judgment declaring that the Defendants' mortgage on the property referred to as Parcel A is avoided under the authority of 11 U.S.C. § 544(a)(3). In view of this decision, the trial scheduled to take place in Grand Rapids, Michigan on May 27, 2009 is cancelled as moot.

The court will prepare the judgment.

Dated: May 21, 2009

At Traverse City, Michigan

Scott W. Dales, U.S. Bankruptcy Judge